NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KRESHAUN L. BARKER, | Civil Action No. 17-7890 (JMV/JBC) |
| Plaintiff, |  |
| v. | **OPINION** |
| PASSAIC COUNTY JAIL MEDICAL DEPARTMENT and DENTAL ORAL SURGEON "MR. LEFKOWITZ", |  |
| Defendants. |  |

**VAZQUEZ, District Judge:**

**I.     INTRODUCTION**

This matter comes before the Court upon Plaintiff Kreshaun L. Barker's filing of a *pro se* civil rights complaint (the "Complaint"). (ECF No. 1.) Defendant Passaic County Jail Medical Department ("PCJMD") has filed an unopposed motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) In addition to considering the merits of PCJMD's motion, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed: (i) as frivolous or malicious; (ii) for failing to state a claim upon which relief may be granted, or; (iii) because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will grant PCJMD's motion and will dismiss Plaintiff's Complaint in its entirety, without prejudice, as to all defendants.

## II.     BACKGROUND

The factual allegations in Plaintiff's Complaint are construed as true for purposes of this Opinion.  Plaintiff names as defendants: (1) PCJMD; and (2) Dental Oral Surgeon [Dr.] Lefkowitz.[1]  (ECF No. 1 at Page ID: 1.)  Plaintiff alleges the following:

> On [September 22, 2017], I was called to the "Oral [Surgeon Dr.] Lefkowitz" and as I sat in [Dr.] Lefkowitz's chair he took [an] x-ray and then he stuck his hand in my mouth to feel for an "[abscess;]" I told him I have an [abscess] and it hurt.  [Dr. Lefkowitz] pull[ed] the small piece of the tooth out to stop the pain[;] he stuck me by the tooth area #29 to [numb] me up and he hit the [abscess] aggressively and when he remove[d] the needle it was bent[;] I was scared [and] started to screaming from pain, [and] now I ca[nn]ot feel the right corner of my lips [and] chin.

(*Id.* at PageID: 5.)  Plaintiff asserts that he "now [has] nerve damage to the right side of [his] chin." (*Id.* at Page ID: 4.)  Plaintiff seeks monetary damages as relief. (*Id.* at PageID: 6.)

On November 13, 2017, the Court granted Plaintiff leave to proceed in this matter *in forma pauperis*.  (Nov. 13, 2017 Order, ECF No. 4.)  In so doing, the Court noted that this matter remained subject to this Court's *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B), and that Plaintiff's Complaint would be screened in due course.  (*Id.*)  Because Plaintiff's Complaint is now being screened by the Court for the first time, the Court has not yet issued summons for this matter.  (*See id.*)  As such, neither Defendant has been properly served with Plaintiff's Complaint.  In spite of the foregoing, on January 5, 2018, PCJMD moved, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 5 at PageID: 23.)  Plaintiff has not filed opposition

---

[1]     Martin J. McAndrew, Esq. has appeared in this matter on behalf of PCJMD only.  (*See* ECF No. 5 at PageID: 22.)  As explained by Mr. McAndrew, PCJMD is more properly identified as Corizon Health of New Jersey, LLC ("Corizon"). (*Id.*)  Corizon provides medical and dental services to Passaic County Jail inmates pursuant to a contractual agreement. (*Id.* at n.1.)  Mr. McAndrew posits that Defendant Oral Surgeon Mr. Lefkowitz refers to Dr. Howard C. Lefkowitz, D.D.S.  (*Id.*)

to the motion. Moreover, while PCJMD has now appeared in this matter, Plaintiff's Complaint remains subject to the Court's *sua sponte* screening.

## III. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). This statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

PCJMD's motion and the Court's screening are subject to the same standard: "[t]he legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *see also Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Moreover, while *pro se* pleadings are liberally construed, "*pro*

*se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. ANALYSIS

Plaintiff apparently brings his claims pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The Eighth Amendment prohibits the infliction "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Pre-trial detainees also have a constitutional right to receive adequate medical care; this right, however, is grounded in the due process protections of the Fourteenth Amendment, as opposed to the Eighth Amendment.[2] *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). This Court applies the Eighth Amendment standard set forth in *Estelle* when evaluating a Fourteenth Amendment due

---

[2]Plaintiff's Complaint fails to indicate if Plaintiff is a non-convicted pre-trial detainee or a convicted prisoner. If he has been convicted by New Jersey, the Eighth Amendment would apply to is claim through the application of the Fourteenth Amendment.

4

process claim for inadequate medical care by a detainee. *Banda v. Adams*, 674 F. App'x 181, 184 (3d Cir. 2017) (citing *Natale*, 318 F.3d at 581).

In light of the factual allegations, the Court deems Plaintiff's Complaint as attempting to assert a Section 1983 denial of adequate medical care claim. In order to set forth a facially plausible inadequate medical care claim under Section 1983, Plaintiff must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle*, 429 U.S. at 106. Serious medical needs which will satisfy the first prong of *Estelle* include those that have been diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for a doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss. *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). As explained by the Third Circuit:

> Where prison authorities deny reasonable requests for medical treatment . . . , and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest. Similarly, where 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care,' the deliberate indifference standard has been met. . . . Finally, deliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment.'

*Monmouth Cty. Corr. Inst. Inmates*, 834 F.2d at 346 (citations omitted).

The Third Circuit has found deliberate indifference

5

> where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; . . . (3) prevents a prisoner from receiving needed or recommended medical treatment;' and (4) 'where the prison official persists in a particular course of treatment in the face of resultant pain and risk of permanent injury.

*McCluskey v. Vincent*, 505 F. App'x 199, 202 (2012) (citations omitted).

It also, however, remains "well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Id.* at 202 (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *accord Andrews v. Camden Cty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) ("Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation unless deliberate indifference be shown.") (citing *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)). Moreover, "a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference." *Andrews*, 95 F. Supp. 2d at 228. Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White*, 897 F.2d at 110.

Taking the allegations of the Complaint as true, Plaintiff has not sufficiently alleged that any defendant acted with constitutionally actionable "deliberate indifference" to Plaintiff's abscess, *i.e.*, that either defendant knew of Plaintiff's need for medical treatment but intentionally refused to provide it, delayed necessary treatment for non-medical reasons, prevented Plaintiff from receiving needed or recommended treatment, or persisted in a particular course of treatment in the face of resultant pain or risk of permanent injury. *McCluskey*, 505 F. App'x at 202; *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (listing factual scenarios in which the Third Circuit found deliberate indifference). Instead, Plaintiff's Complaint suggests that Dr. Lefkowitz's

6

treatment of the abscess in Plaintiff's mouth on September 22, 2017 was medically necessary and that Dr. Lefkowitz treated the abscess while Plaintiff was anesthetized to minimize the resulting pain to Plaintiff. (*See* Compl., ECF No. 1 at PageID: 5 at ¶ 4.) Moreover, to the extent Plaintiff's Complaint is grounded in his assertion that Dr. Lefkowitz negligently performed that procedure, such a claim is not actionable under Section 1983. *See*, *e.g.*, *Rouse*, 182 F.3d at 197 ("[C]laims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'"). While the Court is sympathetic to Plaintiff's claim of persisting nerve damage to the right side of his chin, ultimately, the facts set forth in Plaintiff's Complaint in no way suggest that Dr. Lefkowitz or PCJMD acted with constitutionally actionable "deliberate indifference" to Plaintiff.

In sum, Plaintiff's Complaint fails to allege sufficient facts demonstrating that the medical treatment he received while confined at Passaic County Jail was constitutionally inadequate.[3] As

---

[3] Even if Plaintiff alleged sufficient facts to support a facially plausible Section 1983 claim against Dr. Lefkowitz, the Court would still dismiss Plaintiff's Complaint against PCJMD, who is not alleged to have had any involvement with Plaintiff's dental care at Passaic County Jail, and who instead appears to have been named as a defendant solely based of its apparent role as Dr. Lefkowitz's supervisor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 ("a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution."). As a general matter, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id.* The Court notes that "a supervisor may [nonetheless] be personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago v. Warminster Tp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

The Court also recognizes that a supervisor may be liable for an Eighth Amendment [or Fourteenth Amendment] violation if the plaintiff "identif[ies] a supervisory policy or procedure that the supervisor defendant failed to implement" and further establishes that "(1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure." *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 316 (3d Cir. 2015), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2017).

such, Plaintiff's Complaint fails to state any federal claim for relief.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint will be dismissed without prejudice as Plaintiff fails to state a federal claim for relief. Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff shall be given the opportunity to file a proposed amended complaint, should he elect to do so, that shall also be subject to screening.[4] An appropriate Order accompanies this Opinion.

Date: August 13, 2018
At Newark, New Jersey

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

---

Plaintiff has not alleged any facts that support a finding of supervisory liability against PCJMD under the foregoing standards. As noted above, Plaintiff's Complaint altogether fails to allege facts which suggest that the medical care he received at Passaic County Jail was constitutionally inadequate. Even if that were not the case, there are no facts alleged in Plaintiff's Complaint which suggest that PCJMD had any supervisory responsibilities over Dr. Lefkowitz. Nor has Plaintiff pled any facts which suggest that PCJMD is responsible for implementing policies and procedures which violated Plaintiff's constitutional rights.

[4] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Wright & Miller, *supra*, at § 1476.